In re James C. PLATTS, Petitioner.

Nos. 14–3286, 14–3481.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Nov. 14, 2014.

Opinion filed: Dec. 10, 2014.

James C. Platts, Bruceton Mills, WV,
pro se.

Rebecca R. Haywood, Esq., Shaun E.
Sweeney, Esq., Office of United States
Attorney, Pittsburgh, PA, for Defendant–
Respondent.

Before: RENDELL, CHAGARES and
SCIRICA, Circuit Judges.

OPINION *

PER CURIAM.

*Pro se* petitioner James Platts has filed
petitions for writs of mandamus seeking to
correct what he claims is an "unreason-
able" and "improperly" calculated criminal
sentence. We will deny the petitions.

In October 2011, Platts pleaded guilty to
multiple counts of mail fraud, money laun-
dering, and conspiracy. The District
Court sentenced him to 46 months of im-
prisonment. The court also imposed upon
Platts a special assessment of $600 and

restitution in the amount of $80,145.95, for
which he is jointly and severally liable with
his co-defendants. Although Platts waived
his appellate and collateral challenge
rights in his plea agreement, he appealed.
We granted the Government's motion to
enforce the appellate waiver and summari-
ly affirmed on that basis. *See United
States v. Platts,* C.A. No. 12–2327 (order
entered Jan. 11, 2013). Since then, Platts
has filed a steady stream of post-conviction
motions in the District Court and manda-
mus petitions in this Court. In the instant
mandamus petitions, Platts contends that
his sentence should be "substantially re-
duced" and that he should be released
from confinement immediately because
there was "no recorded conviction or guilty
plea." Additionally, Platts asserts that all
payments remitted thus far should be re-
turned to him and that the order of resti-
tution should be suspended.

Mandamus is an extraordinary remedy.
*See Kerr v. United States Dist. Ct.,* 426
U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d
725 (1976). To obtain mandamus relief, a
petitioner must establish that "(1) no other
adequate means exist to attain the relief
he desires, (2) the party's right to issuance
of the writ is clear and indisputable, and
(3) the writ is appropriate under the cir-
cumstances." *Hollingsworth v. Perry,* 558
U.S. 183, 190, 130 S.Ct. 705, 175 L.Ed.2d
657 (2010) (per curiam) (internal quotation
marks, alteration omitted).

We have admonished Platts on several
occasions that he may not use a mandamus
petition as a substitute for the appeals
process, *see In re Briscoe,* 448 F.3d 201,
212 (3d Cir.2006), and noted that he has
already pursued an appeal of his convic-

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not

constitute binding precedent.

tion. *See, e.g., In re Platts,* 565 Fed.Appx. 85, 87 (3d Cir.2014). While expressing no opinion in that matter regarding whether Platts can overcome the collateral attack waiver in his plea agreement, we explained that a motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means to challenge the validity of a conviction or sentence, *see Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). *Id.* Platts thereafter filed a § 2255 motion (more than one, actually) in the District Court. The District Court recently dismissed that motion and Platts has filed an appeal. *See* C.A. No. 14–4128. Platts will have an opportunity to challenge the District Court's disposition of his § 2255 motion in that appeal.

Accordingly, Platts is not entitled to mandamus relief, and we will deny these petitions. We remind Platts of the warning we issued to him in *In re Platts,* 578 Fed.Appx. 77 (3d Cir.2014). "[I]f he persists in filing mandamus petitions whereby he seeks appellate review of a criminal conviction and/or sentence, we may consider imposing appropriate sanctions, including an injunction against filing documents without prior leave of the Court." *Id.* at 79.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.